OPINION
{¶ 1} This is a late appeal by Kenneth Pigg from a sexual predator determination entered June 7, 2000, after a hearing conducted May 9, 1997.
 {¶ 2} Pigg advances four assignments of error.
 {¶ 3} "1. THE TRIAL COURT ERRED WHEN IT DETERMINED THAT THE STATE HAD PROVEN BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANT WAS A SEXUAL PREDATOR PURSUANT TO OHIO REVISED CODE SECTION 2950.09."
 {¶ 4} Pigg was indicted on six counts of rape, six counts of gross sexual imposition, and six counts of sexual battery. The victim was the twelve-year-old mentally handicapped daughter of Pigg's live-in girlfriend. Pigg eventually pleaded guilty to one count of gross sexual imposition with a specification of a prior conviction of a crime of violence. He was sentenced to four to ten years imprisonment on February 18, 1994.
 {¶ 5} The record before the trial court would appear to be limited to the documents filed in the case, the transcripts of Pigg's guilty plea and sentencing hearing, and the presentence investigation report. The exhibits attached to Pigg's appellate brief do not appear to have been introduced at the sexual predator hearing.
 {¶ 6} The trial court stated that it had considered "all information in the case" and "specifically considered" the R.C. 2950.09
factors. The court specifically noted Pigg's age (37), Pigg's prior criminal record, the victim's age (12), the nature of the offense to which Pigg pleaded guilty, and that the offense was part of a pattern of abuse. The trial court thus found at least four of the statutory factors to be of significance. The court also considered the impaired mental capacity of the victim and Pigg's own statements about his behavior.
 {¶ 7} The question before the trial court was whether the information before it clearly and convincingly established that Pigg was likely to commit a sexually oriented offense in the future.
 {¶ 8} It is clear from Pigg's own statements that he had been sexually exploiting his twelve-year-old, mentally handicapped victim for approximately six months, his conduct becoming increasingly more aggressive with each episode of sexual activity. He would wait until the child's mother was gone and then take advantage of the victim.
 {¶ 9} The victim had a mental age of about two years.
 {¶ 10} Pigg has an extensive record. As a juvenile, he was charged with being unruly, glue sniffing, and robbery. As an adult, he has been charged three times with breaking and entering (felonies), disorderly conduct, and assault and resisting arrest. He has been sentenced to prison, and has been returned to prison as a parole violator. Although dispositions were not available, Pigg has also pleaded no contest to three charges of driving under the influence and five charges of driving under suspension.
 {¶ 11} Pigg related a history of extensive substance abuse.
 {¶ 12} At the sentencing hearing, Pigg — in speaking about his conduct — stated "it just seems like it's uncontrollable."
 {¶ 13} In our judgment, this record supports the trial court's determination that Pigg is a sexual predator.
 {¶ 14} The first assignment is overruled.
 {¶ 15} "2. THE TRIAL COURT'S DECISION REGARDING APPELLANT'S SEXUAL PREDATOR STATUS SHOULD BE REVERSED BECAUSE OHIO REVISED CODE SECTION2950.09 IS AN EX POST FACTO LAW AND, IN TURN, VIOLATES THE RETROACTIVE LAW PROVISIONS OF SECTION 10, ARTICLE 1 OF THE UNITED STATES CONSTITUTION AS WELL AS SECTION 28, ARTICLE 2 OF THE OHIO CONSTITUTION."
 {¶ 16} This assignment is overruled on the authority of State v.Cook (1998), 83 Ohio St.3d 404.
 {¶ 17} "3. THE TRIAL COURT ERRED WHEN IT FAILED TO FOLLOW THESTATE V. EPPINGER MODEL OF A SEXUAL PREDATOR HEARING AND ADVISE APPELLANT OF HIS RIGHT TO PRESENT EXPERT TESTIMONY."
 {¶ 18} Following the announcement of State v. Eppinger (2001),91 Ohio St.3d 158 on March 28, 2001, this appellate court has adopted the practice of reviewing sexual predator determinations in the context of the model hearing described at p. 166:
 {¶ 19} "In a model sexual offender classification hearing, there are essentially three objectives. First, it is critical that a record be created for review. Therefore, the prosecutor and defense counsel should identify on the record those portions of the trial transcript, victim impact statements, presentence report, and other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in R.C. 2950.09(B)(2) and are probative of the issue of whether the offender is likely to engage in the future in one or more sexually oriented offenses. If the conviction is old, as in this case, the state may need to introduce a portion of the actual trial record; if the case was recently tried, the same trial court may not need to actually review the record. In either case, a clear and accurate record of what evidence or testimony was considered should be preserved, including any exhibits, for purposes of any potential appeal.
 {¶ 20} "Second, an expert may be required, as discussed above, to assist the trial court in determining whether the offender is likely to engage in the future in one or more sexually oriented offenses. Therefore, either side should be allowed to present expert opinion by testimony or written report to assist the trial court in its determination, especially when there is little information available beyond the conviction itself. While providing an expert at state expense is within the discretion of the trial court, the lack of other criteria to assist in predicting the future behavior of the offender weighs heavily in favor of granting such a request.
 {¶ 21} "Finally, the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism."
 {¶ 22} Pigg does not argue that the trial court failed to satisfy the first and third objectives and we are satisfied that those objectives were met. See discussion under first assignment.
 {¶ 23} Pigg does claim that he was denied the assistance of an expert witness. While it is true that the trial court did not have the benefit of expert testimony, there was no request for the appointment of an expert and whether to appoint an expert is commended to the sound discretion of the trial court. Id., syllabus.
 {¶ 24} Pigg cites State v. Henry (Dec. 12, 2001), Hamilton App. No. C-010299 in support of this assignment. In that case, Henry had pleaded guilty in 1987 to one count of rape of a three-year-old child. At the sexual predator hearing ten years later, the evidence consisted of a copy of the indictment, the entry accepting Henry's guilty plea, the entry of conviction, and the testimony of the arresting officer. There was no evidence of similar sexual misconduct. Defense counsel represented that Henry participated in counseling while in prison. Neither side requested an expert witness and the trial court determined Henry to be a sexual predator without discussing what factors led it to that conclusion. The court of appeals reversed, finding the determination was against the manifest weight of the evidence. The court of appeals identified three bases for reversal: (1) the trial court's failure to discuss the factors supporting its determination, (2) the scant evidence, (3) the trial court's "apparently bas(ing) its finding solely upon Henry's conviction for the underlying offense." In reversing and remanding for a new hearing, the appeals court said that appointment of an expert "may be necessary" but the court did not require it.
 {¶ 25} The record here is considerably more comprehensive than the record in Henry. Although Pigg was convicted of a single offense, he admitted to repeatedly sexually abusing the victim over a six month period. Pigg's criminal record — an R.C. 2950.09 factor — was extensive. Further, the trial court discussed the factors it relied on and does not appear to have based its sexual predator determination solely upon the single sex offense of which Pigg was convicted.
 {¶ 26} Although Pigg suggests the trial court was obliged to advise him of his right to present expert testimony, he has not pointed out where this is required. Pigg was represented by counsel who presumably was familiar with the statutory right to present expert testimony.
 {¶ 27} On this record, we find no abuse of discretion on the part of the trial court in not sua sponte engaging an expert witness.
 {¶ 28} The third assignment is overruled.
 {¶ 29} "4. APPELLANT WAS INEFFECTIVELY ASSISTED BY COUNSEL AT HIS SEXUAL OFFENDER CLASSIFICATION HEARING."
 {¶ 30} At the sexual predator hearing, defense counsel relied exclusively on an argument that the law providing for sexual predator classification was, as applied to Pigg, an impermissible ex post facto law. Counsel expressly declined to respond to the prosecutor's merits argument that Pigg should be classified as a sexual predator.
 {¶ 31} Pigg's contention under this assignment is that his counsel was ineffective because he did not seek to present expert testimony.
 {¶ 32} Assuming arguendo that defense counsel should have sought the assistance of an expert witness, this record fails to demonstrate that had counsel done so there was reasonable probability of a different outcome. State v. Bradley (1989), 42 Ohio St.3d 136.
 {¶ 33} The fourth assignment is overruled.
 {¶ 34} The judgment will be affirmed.
FAIN, J. and YOUNG, J., concur.